IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, <u>et al.</u>, <br><br>   Plaintiffs, <br><br>   v. <br><br> GALE A. NORTON, <u>et al.</u>, <br><br>   Defendants, <br><br>――――――――――――――― <br><br> CALIFORNIA FARM BUREAU FEDERATION; SAN LUIS & DELTA-MENDOTA WATER AUTHORITY and WESTLANDS WATER DISTRICT; and STATE WATER CONTRACTORS, <br><br>   Proposed Intervenors. <br><br>――――――――――――――― | No. C 05-00690 CW <br><br> ORDER ON MOTIONS FOR LEAVE TO INTERVENE AS DEFENDANTS |

Pursuant to Federal Rule of Civil Procedure 24, Applicants California Farm Bureau Federation (Farm Bureau), San Luis &

Delta-Mendota Water Authority and Westlands Water District (Authority) and State Water Contractors (SWC) (collectively, Applicants) move to intervene as defendants in this action. The motion is opposed by Plaintiffs Natural Resources Defense Council, California Trout, Baykeeper and its Deltakeeper Chapter, Friends of the River and The Bay Institute (collectively, Plaintiffs). Defendants Gale Norton, sued by Plaintiffs in her capacity as Secretary of the Interior, and Matthew Hogan, sued by Plaintiffs in his capacity as Acting Director of the United States Fish and Wildlife Service (Service), (collectively, Defendants) have not taken a position on the motion. Having considered all of the papers filed by the parties, the Court grants Authority and Farm Bureau's motions for leave to intervene and denies SWC's motion for leave to intervene.

BACKGROUND

I.   Underlying Action

The Endangered Species Act (ESA) requires that federal agencies considering certain actions must consult first with the Secretary to verify that the action "is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species." 16 U.S.C. § 1536(a)(2). In this case, the Secretary delegated her authority to the Service pursuant to 50 C.F.R. § 402.14(g)(8). The consulting federal agency and the Service must "use the best scientific and commercial data available" to meet this requirement of

2

consultation. § 1536(a)(2); 50 C.F.R. § 402.14(g)(8)(2005). After consultation, the Service must issue a written opinion with a summary of this data "detailing how the agency action affects the species or its critical habitat." 16 U.S.C. § 1536(b)(3)(A).

On or about March 22, 2004 the United States Bureau of Reclamation asked the Service for formal consultation on the coordinated operations of the Central Valley Project (CVP) and State Water Project (SWP) which provide water to much of California. Plaintiffs' claims in this action arise from the Service's analysis in its June 30, 2004 and February 15, 2005 Operating Criteria and Plan Biological Opinions (OCAPBO) regarding proposed changes to the coordinated operations of the CVP and SWP, for their potential impact on the delta smelt, a two-to-three inch fish listed under the ESA. Plantiffs allege that the OCAPBO analysis is arbitrary, capricious and an abuse of discretion in violation of the ESA section 7, its implementing regulations and the Administrative Procedure Act (APA), 5 U.S.C. § 706(2). First Am. Compl. (FAC) ¶ 56. Plaintiffs allege that the Service failed to consider whether the proposed agency action would adversely impact the delta smelt habitat and the recovery of the smelt, available scientific data and the full effects of the action. FAC ¶¶ 42, 48, 49.

Plaintiffs request declaratory and injunctive relief, including inter alia (1) a declaration that the Secretary's

3

issuance of the OCAPBO was arbitrary, capricious, an abuse of discretion and in violation of the APA; (2) an order requiring the Secretary to withdraw the OCAPBO and reinitiate deliberation with respect to the future operation of the CVP and SWP and the proposed action concerning the South Delta Improvement Program; (3) an order enjoining Defendants from relying on the OCAPBO. FAC ¶¶ A-C.

Defendants have not yet filed an answer.

II.  Applicants for Intervention

By separate motions, Applicants seek to intervene as defendants in this action as of right under Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, permissively under Federal Rule of Civil Procedure 24(b)(2).

Authority has thirty-two member water agencies that contract with the United States for water supply from the CVP.  Loss of water supplies from the CVP would adversely impact the regions the members serve.  Additionally, Authority is subject to direct regulation under the terms of the disputed OCAPBO because it operates various CVP facilities.  The Farm Bureau is composed of fifty-three county bureaus with 89,000 private members, over 50,000 of whom rely on contracted supplies of either CVP or SWP water for agricultural purposes.  The SWC has twenty-seven public agencies as members, all of whom receive water from the SWP.  All Applicants have an interest in continued sources of affordable supplies of water.  Applicants and their members have participated in regulatory and judicial processes relating to

4

the Bay-Delta waterways.

Applicants also request judicial notice of various Service documents and court orders in similar cases.[1] The Court grants these requests.

LEGAL STANDARD

To intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), "an applicant must claim an interest the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without" the applicant. Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995). The Ninth Circuit applies a four-part test to motions under Rule 24(a):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately protected by the parties to the action.

---

[1] July 30, 2004 Service OCAPBO; February 15, 2005 Service OCAPBO; Long-Term CVP OCAP; CALFED Bay-Delta Program Record of Decision; and Service's Five-Year Status Review for the Delta Smelt; Order Granting Motions to Intervene of the United States District Court for the Northern District of California in Envtl. Protection Info. Ctr. v. Nat'l Marine Fisheries Serv., C-02-5401; Order Granting Motions to Intervene of the United States District Court for the Southern District of California in Envtl. Defense Ctr. v. Norman Mineta, CV-00-1212; Order Granting Motion to Intervene of the United States District Court for the Central District of California in Southwest Ctr. for Biological Diversity v. Davies, CV-99-02821; and Petition for Writ of Mandate, SWC's Memorandum of Points and Authorities in Support of Motion to Intervene and the Stipulation and Order for Intervention in the California Superior Court case Cal. Farm Bureau Fed'n v. Chrisman, Case No. 04CS0049.

5

Id. (quoting Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993) (citation omitted)).

The Ninth Circuit interprets Rule 24(a) broadly in favor of intervention. Id. In evaluating a motion to intervene under Rule 24(a), a district court is required "to take all well-pleaded, nonconclusory allegations in the motion . . . as true absent sham, frivolity or other objections." Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

A court may also at its discretion permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In exercising its discretion, a court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.

## DISCUSSION

I.  Intervention as of Right Under Rule 24(a)(2)

   A.  Timeliness, Protectable Interests and Impairment of Ability to Protect Interests

Defendants have not filed an answer to the complaint and no dispositive motions have been filed. All of the members of Authority have contracts with the United States for CVP water. Nelson Dec. ¶ 2. Furthermore, Authority operates and maintains several CVP facilities, making it subject to ESA permit requirements that allow for civil and criminal prosecutions for unauthorized "taking" of protected species. 16 U.S.C.

6

§ 1540(a),(b). Farm Bureau has contractual rights to both CVP and SWP water. Southwick Dec. ¶ 5. SWC's members hold contracts giving them rights to SWP water. Thus, all Applicants have legal interests in the CVP and SWP waters coordinated by the OCAP. Applicants' interests all concern continued supplies of water, and all Applicants seek to maintain the validity of the OCAPBO. Plaintiffs do not contest the timeliness of Applicants' motion or the significance of Applicants' legal interests. The Court concludes that Applicants' motions to intervene are timely and that Applicants' interests are legally cognizable.

B. Adequacy of Representation

Plaintiffs do not contend that Defendants will adequately represent Applicants' interests. Instead, Plaintiffs contend that one Applicant will adequately represent the interests of all, and urge the Court to grant only Authority's motion, as the first submitted. Rule 24(a)(2) excepts intervention if the applicant's interest is adequately represented by "existing parties." The Court has discretion to rule on motions to intervene in the order it sees fit. Once an applicant has been allowed to intervene, it becomes an existing party. The Court may then consider whether the interests of other proposed intervenors will be adequately represented by the first.

In determining adequacy of representation, the Court must decide if an existing party will certainly make all of the applicant's arguments, and is able and willing do so, and if the

7

applicant will add any "necessary elements" that would not otherwise be added. <u>Arakaki v. Cayetano</u>, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted). However, if an applicant and any existing party have the same goal, a "presumption of adequacy of representation arises." <u>Id.</u> at 1087 (citations omitted). If an applicant's interest is the same as that of another intervenor, the applicant must then make a "compelling" demonstration to overcome the presumption. <u>Id.</u> Different trial strategies are not sufficient to justify intervention. <u>Id.</u> Furthermore, the Court may "take into account the cumulative effect of the representation of all existing parties." <u>California v. Tahoe Reg'l Planning Agency</u>, 792 F.2d 775, 779 (9th Cir. 1986).

    As stated above, Applicants share similar interests and have the same ultimate objective of maintaining the validity of the OCAPBO so as not to jeopardize present levels of water supply. Authority represents the contractual interests of those supplied with water through CVP and its own regulatory interest with regard to the CVP facilities it maintains and operates. Farm Bureau represents the interests of those supplied with water through the SWP, as well as those supplied through the CVP. Authority represents governmental interests in providing water to California citizens while Farm Bureau represents individual consumers. The Court therefore grants Authority and Farm Bureau's motions to intervene as a matter of right.

    The central issue of this case is the validity of the OCAPBO

8

and its analysis with regard to the delta smelt.  The amounts of water received by each Applicant, how that water is used and where it comes from are not at issue in this case.  Even if they were, Authority will represent the interests of CVP water users, and Farm Bureau will represent the interests of SWP water users.  Authority will represent public water agencies' interests and Farm Bureau will represent individual consumers' interests.  SWC and Authority share counsel.  SWC's interests as a public agency and user of SWP water are thus adequately represented by existing parties.  The fact that SWC and Farm Bureau are on opposing sides in independent litigation concerning the Environmental Water Account (EWA) and its possible impact on the distribution of SWP water in the OCAP is inapposite because the EWA and distribution of SWP water are not at issue here.  Therefore, SWC may not intervene as of right.  However, SWC further moves for permissive intervention under Rule 24(b).

II.   Permissive Intervention Under Rule 24(b)(2)

   Under Federal Rule of Civil Procedure 24(b)(2), the Court may permit intervention if the applicant presents a claim or defense that has a question of law or fact in common with the main action.  An applicant seeking "permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998) (citing Northwest

9

Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)). However, satisfaction of this requirement "does not automatically entitle an applicant to intervene." Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989). A court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). In addressing this question, a court may consider (1) whether undue delay or prejudice to existing parties will result from the intervention, (2) whether the applicants' interests are adequately represented by existing parties and (3) the interests of judicial economy. Venegas, 867 F.2d at 530-31.

SWC shares a common question of law with regard to the validity of the OCAPBO with all other parties. As discussed above, its motion is timely and this Court has jurisdiction over its claims. Intervention by SWC would not necessarily delay or prejudice existing parties, because the case at issue is in the early stages of proceedings. However, as determined above, SWC's interests will be adequately represented by Authority and Farm Bureau. In the interests of judicial economy, SWC's motion for permissive intervention is denied.

Applicants Authority and Farm Bureau will be required to coordinate the filing of all papers with Defendants. The Court will address this issue at the case management conference.

10

CONCLUSION

Because Authority and Farm Bureau have shown that they have protected interests that may be impaired by resolution of Plaintiff claims, the Court concludes that they may intervene as of right in action.  Because SWC's interests will be adequately represented by Authority and Farm Bureau, the Court concludes SWC may not intervene either as of right or permissively in this action. For the foregoing reasons, Authority and Farm Bureau's motions to intervene are GRANTED (Docket Nos. 5, 19).  SWC's motion to intervene is DENIED (Docket No. 27).  Applicants' requests for judicial notice are GRANTED (Docket Nos. 8, 30, 28).

IT IS SO ORDERED.

Dated: 6/13/05                    /s/ CLAUDIA WILKEN
                                  CLAUDIA WILKEN
                                  United States District Judge