IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATURAL RESOURCES DEFENSE
COUNCIL, et al.,

        Plaintiffs,

  v.

GALE A. NORTON, et al.,

        Defendants,
_____/

CALIFORNIA FARM BUREAU FEDERATION and
SAN LUIS & DELTA-MENDOTA WATER
AUTHORITY and WESTLANDS WATER
DISTRICT,

        Defendant-Intervenors.
_____/

No. C 05-00690 CW

ORDER GRANTING
MOTION TO
TRANSFER

    Defendant-Intervenors San Luis & Delta-Mendota Water Authority and Westlands Water District (collectively, the Water Agencies) move pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Fresno Division of the Eastern District of California. Plaintiffs Natural Resources Defense Council (NRDC); California Trout; Baykeeper and its Deltakeeper Chapter, Friends of the River; and The Bay Institute (collectively, Plaintiffs) oppose the motion.[1]

---

[1] After Plaintiffs filed their opposition to this motion, Defendant-Intervenor California Farm Bureau Federation (Farm Bureau) filed a one-paragraph memorandum joining the Water Agencies' motion to transfer. Two days later, Farm Bureau filed a nine-page reply to Plaintiffs' opposition, largely repeating the

Defendants Gale Norton, sued by Plaintiffs in her capacity as Secretary of the Interior, and Matthew Hogan, sued by Plaintiffs in his capacity as Acting Director of the United States Fish and Wildlife Service (FWS), (collectively, Defendants) have not taken a position on the motion.

The matter was taken under submission on the papers. Having considered all of the papers filed by the Water Agencies and Plaintiffs, the Court grants the motion to transfer.

## BACKGROUND

Plaintiffs bring this action to challenge FWS' analysis in its June 30, 2004 and February 16, 2005 Operating Criteria and Plan Biological Opinions (OCAPBO). FWS concluded that proposed changes to the coordinated operations of the Central Valley Project (CVP) and State Water Project (SWP), which provide water to much of California, would not harm the delta smelt, a fish listed under the Endangered Species Act (ESA). Plantiffs allege that the OCAPBO's analysis is arbitrary, capricious and an abuse of discretion in violation of the ESA section 7, its implementing regulations and the Administrative Procedure Act (APA), 5 U.S.C. § 706(2). Plaintiffs further allege that the Service failed to consider whether the proposed agency action would adversely impact the delta smelt habitat and the recovery of the smelt, and failed to consider the available scientific data and the full effects of the action.

---

arguments made by the Water Agencies.
  Plaintiffs move to strike this reply as untimely. Farm Bureau opposes the motion to strike. The Court denies Plaintiffs' motion to strike as moot; Farm Bureau's filing does not offer any substantial new arguments or evidence that would cause Plaintiffs prejudice, and it was not considered in the Court's decision.

2

The Water Agencies seek an order transferring this action to the district court where a similar case is pending, <u>San Luis & Delta-Mendota Water Authority and Westlands Water District v. U.S. Department of the Interior, et al.</u>, No. CIV F-02-6461 OWW/DLB (hereinafter <u>San Luis</u>).  <u>San Luis</u> was filed by the Water Agencies on November 22, 2002, and is assigned to Judge Oliver W. Wanger. Plaintiffs NRDC and Baykeeper are defendant-intervenors in that action.

The first claim in the Water Agencies' complaint sought the government's performance of a five-year status review of the delta smelt as required by the ESA.  The Water Agencies' original complaint also brought two additional claims challenging the criteria used in the delta smelt Recovery Plan, for violation of the ESA section 4(f)(1)'s requirement that criteria be objective and measurable, and in the alternative as arbitrary and capricious.

FWS agreed to perform the status review, which was completed on March 31, 2004, settling the first claim in the Eastern District action.  The Water Agencies then filed a supplemental complaint challenging the results of the status review, on the grounds that FWS' review failed to meet the requirements of the ESA, and in the alternative was arbitrary and capricious, and that FWS effectively amended its criteria in the Recovery Plan without first providing notice and an opportunity to comment.  Dispositive motions in <u>San Luis</u> have not yet been filed or scheduled.  O'Hanlon Decl. ¶ 2.

Judge Wanger has a great deal of experience with disputes arising out of the CVP.  As he has noted, "The issues of CVP capacity and water allocation priorities have been the subject of

3

over twenty lawsuits in the Eastern District of California, seventeen of which have been venued in this court." <u>Central Valley Water Agency v. United States</u>, 327 F. Supp. 2d 1183, 1209 (E.D. Cal. 2004). Several of the cases heard by Judge Wanger involve a biological opinion about the delta smelt. <u>Westlands Water Dist. v. U.S. Dept. of Interior</u>, 850 F. Supp. 1388 (E.D. Cal. 1994); <u>San Luis & Delta-Mendota Water Authority v. United States</u>, CIV F-97-6140 OWW, CIV F-98-5261 OWW; <u>Westlands Water Dist. v. U.S. Dept. of Interior</u>, 275 F. Supp. 2d 1157, <u>aff'd</u> 376 F.3d 853 (9th Cir. 2004).

A case similar to <u>San Luis</u> was filed by Defendant-Intervenor California Farm Bureau Federation against the Fish and Wildlife Service in the District of Columbia's federal district court, <u>California Farm Bureau Federation v. Badgley</u>, No. 02-2328 RCL (D.D.C. June 30, 2005) (hereinafter <u>California Farm Bureau</u>). Plaintiffs are also defendant-intervenors in <u>California Farm Bureau</u>. On June 30, 2005, two days after Defendant-Intervenor Water Agencies filed the instant motion, the District of Columbia court granted the federal defendants' motion to transfer <u>California Farm Bureau</u> to the Eastern District of California.

The Water Agencies do not contend that venue in the Northern District of California is improper. Instead, they argue that transfer to the Eastern District would serve the interests of justice by allowing the issues to be tried most efficiently.

LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

4

or division where it might have been brought." The statute, therefore, identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit has held that a fourth factor for the court to consider is the plaintiff's choice of forum. See Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). The Securities Investor court held that, unless the balance of the § 1404(a) factors "is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." Id.; see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("defendant must make a strong showing . . . to warrant upsetting the plaintiff's choice of forum"). The burden is on the defendant to show that the convenience of parties and witnesses and the interest of justice require transfer to another district. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

DISCUSSION

The Court must consider and weigh the three factors listed in section 1404(a) and the fourth identified by the Ninth Circuit in order to determine whether transfer of venue is appropriate in this case.

Plaintiffs argue that the convenience of the parties weighs against transfer. Four of the Plaintiff organizations, as well as Plaintiffs' counsel, maintain offices in the Northern District. However, two of the Plaintiffs are already involved in litigation

in Fresno, and none of the Plaintiffs claims that it would be seriously inconvenienced by having to litigate there. Because Plaintiffs show no actual inconvenience, the Court finds that this factor is not relevant here.

The Water Agencies argue that the convenience of witnesses, while not a significant factor, weighs in favor of transfer because this case will be decided on an administrative record, the bulk of which is located in the Eastern District. However, the government has already submitted the record to the Court here, in CD format. The Court therefore finds that the convenience of witnesses is not a relevant factor here.

The Water Agencies' primary argument is that transfer of venue would serve the interests of justice. First, the Water Agencies argue that the judicial goals of consistency and efficiency would be served by transfer, because both this case and the related pending Eastern District actions involve examination of the same record, the actions are duplicative and could potentially result in conflicting outcomes if tried separately. Second, the Water Agencies show that Judge Wanger of the Eastern District has extensive experience relating to the CVP and delta smelt. For this reason, they argue that the Eastern District would be a superior forum.

Plaintiffs correctly note that the cases do not involve identical factual records and legal duties. However, portions of the lengthy administrative record at issue in this action necessarily overlap with those in San Luis and California Farm Bureau, and Plaintiffs do not deny that trying these actions

separately could result in inconsistent evaluations of FWS' analysis regarding the delta smelt, the resolution of which would consume additional judicial resources. There will be some duplication of effort if the two cases go forward in separate fora. Because both cases involve detailed administrative records, the amount of judicial effort at stake is considerable. Judge Wanger is certainly more familiar than this Court with the general factual background of the case. While this Court's docket is less crowded than that of the Eastern District, the discrepancy is not so large as to suggest that the case would be resolved there less swiftly. For these reasons, the Court finds that the interests of justice weigh strongly in favor of transfer. Cf. Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002) (denying motion to transfer where defendants offered "very little evidence" to disturb plaintiff's choice of forum).

This factor must be weighed against the fact that the Northern District is Plaintiffs' preferred forum. Plaintiffs' preference does not weigh heavily. Plaintiffs have shown no inconvenience. Most Plaintiffs are regional, State-wide or national organizations. Plaintiffs cite no case in which a plaintiff's choice of forum outweighed a neutral or strong contrary showing on all other factors. See, e.g., Gulf Oil, 330 U.S. at 508 (plaintiff's choice of forum is to be preserved "unless the balance is strongly in favor of defendant"); Decker Coal, 805 F.2d at 843 (upholding denial of motion to transfer where both fora were inconvenient to the parties and public convenience factors weighed against transfer); Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530,

540 (N.D. Cal. 2005) (denying motion to transfer based on deference to plaintiffs' choice of forum where convenience factors are mixed); Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10, 18 (D.D.C. 2000) (finding plaintiffs' choice of forum and national public interest outweigh factors of private convenience). Here, convenience of parties and witnesses are neutral factors, and judicial efficiency strongly favors transfer. Weighing all of the relevant circumstances, the Court finds that Plaintiffs' choice of forum in this case does not outweigh the interests of judicial efficiency.

## CONCLUSION

For the foregoing reasons, the Water Agencies' motion to transfer is GRANTED (Docket No. 77). Plaintiffs' motion to strike is DENIED as moot (Docket No. 111). The Water Agencies' request for judicial notice of the San Luis complaints and docket is GRANTED (Docket No. 79). Farm Bureau's request for judicial notice is DENIED as moot (Docket No. 109).

This case is hereby TRANSFERRED to the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. § 1404(a). The Clerk shall transfer the file.

IT IS SO ORDERED.

Dated: SEP - 6 2005

CLAUDIA WILKEN
United States District Judge